BIRGER BIRCH, Appellant, v. CAMERON MACHINE COMPANY, Respondent.— Action for moneys claimed to be due from the defendant to the plaintiff under a contract for the payment of income taxes owing by plaintiff to the Federal government. Order denying plaintiff's motion for summary judgment under Civil Practice Rule 113, in the sum of $3,568.22, and granting the motion in the amount of $995.94, conceded by the defendant to be due, and judgment entered thereon,

reversed on the law, with ten dollars costs and disbursements, and the motion for summary judgment denied, without costs. With respect to the amount due over and above $995.94, there are issues of fact which require a trial. The controlling factor was whether or not the item of $23,500 was in fact income paid in 1929. If it was, and it is conceded that it was paid in 1929, then the tax should be computed upon the item in connection with a similar amount of $27,000, paid for services rendered in 1929. The fact that the $23,500 payment made in 1929 was for services to be rendered in 1931 did not change the character of the item from income received in 1929 to income received in 1931. It was 1929 income, no matter for what services or for what year the money was paid in 1929. It is likewise immaterial what the parties deemed or treated the item to be. An erroneous assumption by either or both that it was a 1931 item did not alter the fact that it was a 1929 item and defendant was obligated to pay the tax thereon as a 1929 item, under its arrangement with the plaintiff. A question of fact exists as to the computation. Plaintiff claims that the computation is $3,568.22. It is not made clear whether this sum includes interest from March 15, 1930, since it is a sum fixed by the United States Board of Tax Appeals on October 19, 1936. The defendant, however, claims that the total sum of income upon which the computation was made that resulted in this item of $3,568.22, includes in it $11,000 of income of the plaintiff received from sources other than the defendant. If that be so, then there is some basis for its claim that the total tax due from the defendant to the plaintiff for 1929 is $1,356.80, or, in any event, a sum other than that sought by the plaintiff. There will have to be a trial in order to have the facts established so that there may be a resolving of the dispute between the parties in this respect. Hagarty, Carswell, Davis, Johnston and Taylor, JJ., concur.